**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/DTS) |
| **DEBORAH ASHMORE**<br>Plaintiffs.<br>**VS.**<br>**3M COMPANY AND ARIZANT HEALTHCARE, INC.**<br>Defendants. | **MASTER SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

1. Plaintiff, Deborah Ashmore, states and brings this civil action in MDL No. 15-2666, entitled *In Re: Bair Hugger Forced Air Warming Products Liability Litigation*. Plaintiff is filing this Short Form Complaint as permitted by Pretrial Order #8 of this Court.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff, Deborah Ashmore, is a resident and citizen of the State of Alabama, and claims damages as set forth below.

3. ~~Plaintiff's Spouse, Name, is a resident and citizen of the State of __, and claims damages as set forth below.~~

4. Jurisdiction is proper based upon diversity of Citizenship.

5. Proper Venue: The District Court in which remand trial is proper and where this Complaint would have been filed absent the direct filing order by this Court is the United States District Court for the Northern District of Alabama.

6. Plaintiff brings this action:

__X__ On behalf of herself;

_______ ~~In a representative capacity as the _ of the _ having been duly appointed as the _ by the Court of _. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~

## FACTUAL ALLEGATIONS

7. On or about May 23, 2016, Plaintiff underwent surgery during which the Bair Hugger Forced Air Warming system (hereinafter "Bair Hugger") was used during the course and scope of her surgery at Huntsville Hospital, in Madison, AL, by Thomas Thomasson, MD.

8. Contaminants introduced into Plaintiff's open surgical wound as a direct and proximate result of use of the Bair Hugger during the subject surgery resulted in Plaintiff developing a periprosthetic joint infection ("PJI"), also known as a deep joint infection ("DJI").

9. As a result of Plaintiff's infection caused by the Bair Hugger, Plaintiff has undergone numerous procedures following a postoperative infection, requiring intervention, management, and surgeries on or about March 30, 2017 and July 26, 2017.

**<u>ALLEGATIONS AS TO INJURIES</u>**

10. (a) Plaintiff claims damages as a result of:

__X__ INJURY TO HERSELF

______ INJURY TO THE PERSON REPRESENTED

______ WRONGFUL DEATH

______ SURVIVORSHIP ACTION

__X__ ECONOMIC LOSS

~~(b) Plaintiff's spouse claims damages as a result of:~~

______ ~~LOSS OF SERVICES~~

______ ~~LOSS OF CONSORTIUM~~

11. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

**<u>DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY</u>**

12. The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference (check all that are applicable):

__X__ FIRST CAUSE OF ACTION - NEGLIGENCE;

__X__ SECOND CAUSE OF ACTION - STRICT LIABILITY;

  __X__ FAILURE TO WARN

  __X__ DEFECTIVE DESIGN AND MANUFACTURE

__X__ THIRD CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY;

__X__ FOURTH CAUSE OF ACTION- BREACH OF IMPLIED WARRANTY OF MERCHANTBILITY LAW OF THE STATE OF ALABAMA;

__X__ FIFTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA PREVENTION OF CONSUMER FRAUD ACT;

__X__ SIXTH CAUSE OF ACTION – VIOLATION OF THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT;

__X__ SEVENTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA UNLAWFUL TRADE PRACTICES ACT;

__X__ EIGHTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA FALSE ADVERTISING ACT;

__X__ NINTH CAUSE OF ACTION- CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER LAW OF THE STATE OF ALABAMA;

__X__ TENTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION;

__X__ ELEVENTH CAUSE OF ACTION- FRAUDULENT MISREPRESENTATION;

__X__ TWELFTH CAUSE OF ACTION – FRAUDULENT CONCEALMENT;

______ THIRTEENTH CAUSE OF ACTION – LOSS OF CONSORTIUM; and

__X__ FOURTEENTH CAUSE OF ACTION – UNJUST ENRICHMENT.

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law:

Punitive Damages

Common Law Fraud

Constructive Fraud

Gross Negligence

Negligent Infliction of Emotional Distress

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) pray for judgment against Defendants as follows:

1. For compensatory damages;
2. Pre-judgment and post-judgment interest;
3. Statutory damages and relief of the state whose laws will govern this action;
4. Costs and expenses of this litigation;
5. Reasonable attorneys' fees and costs as provided by law;
6. Equitable relief in the nature of disgorgement;
7. Restitution of remedy Defendants' unjust enrichment; and
8. All other relief as the Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff(s) hereby demand(s) a trial by jury as to all claims in Complaint so triable.

Dated: April 17, 2025

Respectfully submitted,

**WALSTON, PC**
By: *<u>/s/ Cliff Walston</u>*
Cliff Walston
cliff@walstonlegal.com
4411 San Felipe St. Suite 600
Houston, TX 77027
Tel. (713) 930-6000
**ATTORNEY FOR PLAINTIFF**